UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELLIS THOMAS,

    Petitioner,

    v.                                   CAUSE NO. 3:20-CV-1009-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

    Ellis Thomas, a prisoner without a lawyer, filed a motion to reconsider the order denying the habeas petition as an unauthorized successive petition. Based on the timing of the motion, the court construes it as a motion pursuant to Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

    In the motion, Thomas argues that the court should not have found that the petition in this case was a successive petition because his prior habeas petition did not challenge his conviction or sentence but instead challenged "the manner in which [he] was brought before Indiana authorities under false pretense[s] as a witness." Thomas filed the prior habeas petition in *Thomas v. Carter*, 1:04-cv-1506 (S.D. Ind. filed Sept. 13,

2004). In that petition, he argued that he was entitled to habeas relief because his convictions were obtained without due process or equal protection, without effective assistance of counsel, by obstruction of justice, and without jurisdiction. He alleged that he was "illegally convicted" and "illegally sentenced" and that "Petitioner's constitutional rights and liberty were violated and this was how petitioner was convicted against the law!" Similarly, on September 6, 2005, the United States District Court for the Southern District of Indiana characterized the petition as a claim "that the manner in which he was brought to trial in Indiana from Arizona vitiates his convictions." On this basis, the court reaffirms its finding that Thomas has previously filed a habeas petition challenging his convictions and sentences for murder, attempted murder, attempted robbery, and attempted carjacking under Case No. 48D03-9512-CF-426 and that the petition in this case constitutes an unauthorized successive petition that must be dismissed pursuant to 28 U.S.C. § 2244(b).

For these reasons, the court DENIES the motion to reconsider (ECF 4).

SO ORDERED on January 12, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT